IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAREY R. CARLSON, )<br>)<br>Defendant. ) | 8:04CR197<br><br>**TENTATIVE**<br>**FINDINGS** |

    I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objections (filing 66) and motion for variance from the Guidelines (filing 69).

    IT IS ORDERED that:

    (1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)   The defendant's objections (filing 66) to drug quantity, lack of

acceptance of responsibility reduction, and criminal history will be resolved at sentencing.

(3) Defendant's motion (filing 69) for variance from the Guidelines, also construed as a motion for departure, is denied. Even if every fact defense counsel asserts is true (see filing 70), neither a variance nor a departure from the advisory Guidelines is warranted in this case. That said, counsel may argue for a sentence less than provided by the advisory Guidelines at sentencing, and, if he does, I shall consider such an argument without prejudice.

(4) To the extent that the defendant requests a concurrent sentence with the sentence imposed in Iowa, I will consider that question at sentencing.

(5) The government's explanation for the Rule11(c)(1)(C) provisions in paragraph 10 of the plea agreement (filing 60) is not convincing. Therefore, I warn the parties that I may not accept the plea agreement. First, it appears that the defendant admitted in a confession (after receiving Miranda warnings) that the quantity of drugs involved amounted to about 345.6 grams rather than the amount (40 to less than 70 grams) set forth in the Rule 11(c)(1)(C) plea agreement. (See PSR ¶¶ 10 & 16 and addendum at first unnumbered page). Because the defendant made his confession without the protection of a proffer agreement, I see no reason why that confession should be disregarded when calculating the proper base offense level under the advisory Guidelines. If the government wishes me to treat the defendant's unprotected statement as the basis for a government sponsored motion for downward departure, that is an entirely different thing. If that is what the government wants, then the plea agreement should so state. Second, it also appears that the government is agreeing that the defendant's proper criminal history falls into category I whereas the PSR finds that history is properly category III. The statement in the plea agreement that the defendant's criminal history is best represented by category I is unexplained and therefore unconvincing. (Compare PSR ¶¶ 26-34 and addendum at second unnumbered page). In short, I require government's counsel to give close

attention to this issue and be prepared to justify the agreement.  See, e.g., United States v. Coney, 390 F. Supp. 2d 844, 849-50 (D. Neb. 2005) (setting forth a methodology after Booker for justifying Rule 11(c)(1)(C) plea agreements that appear to conflict with the advisory Guidelines).

(6)     Because I am considering rejecting the Rule 11(c)(1)(C) plea agreement, my chambers shall provide a copy of these tentative findings to Chief United States Probation Officer Jim Rowoldt, United States Attorney Mike Heavican and Supervisory Assistant United States Attorney Mick Mickle for their information.[1] Of course, and following standard operating procedures, the probation officer assigned to this case (USPO Otto[2]) should also receive a copy of these tentative findings.

(7)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(8)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(9)     Absent submission of the information required by paragraph 8 of this

---

[1] Through consultation with these gentlemen in another case (see filing 41, United States v. Rodriguez, 8:05CR258), I understood Mr. Rowoldt, Mr. Heavican and Mr. Mickle to request that I give them a "heads-up" in situations like this.

[2] I commend Ms. Otto for the quality of her work and her laudable independence.

order, my tentative findings may become final.

(10) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

March 2, 2006.                           BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge