IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:04CR197 |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CAREY R. CARLSON, | ) | |
| | ) | |
| Defendant. | ) | |

After hearing lengthy argument by the lawyers, I rejected the Rule 11(C)(1)(c) plea agreement. (See filing 60 ¶ 10.) The reasons for that rejection, and my plans for the subsequent course of this case, are set forth below.

The government's explanation for the Rule11(c)(1)(C) provisions in paragraph 10 of the plea agreement was not convincing. The explanation tendered by defense counsel was also unpersuasive. In my opinion, the plea agreement undermines the advisory Guidelines and is not otherwise justified. There are two reasons why this is so.

First, it appears that the defendant admitted in a confession (after receiving <u>Miranda</u> warnings) that the quantity of drugs involved amounted to about 345.6 grams rather than the amount (40 to less than 70 grams) set forth in the Rule 11(c)(1)(C) plea agreement. (See presentence report (PSR) ¶¶ 10 & 16 and addendum at first unnumbered page). Because the defendant made his confession without the protection of a proffer agreement, there is no justifiable reason under the Guidelines or otherwise why that confession should be disregarded when calculating the proper base offense level under the advisory Guidelines.

Despite the valiant efforts of defense counsel, I do not believe U.S.S.G. § 1B1.8(a) (limiting use of certain information provided in exchange for cooperation) presents a justifiable reason for adoption of the Rule 11(c)(1)(C) agreement. Nothing in that Guideline supports the proposition that an "after the fact" proffer agreement should shield a defendant at sentencing from the consequences of his unprotected confession. On the contrary, that Guideline explicitly provides that the protection offered by a cooperation agreement "shall not be applied to restrict the use of information . . . known to the government prior to entering into the cooperation agreement . . . ." U.S.S.G. § 1B1.8(b)(1). I also note that counsel concedes he has no case law to offer in support of his argument.

Realizing that there may be "more than one way to skin a cat," I inquired of government's counsel whether he wished to move for a substantial assistance departure as a result of the "after the fact" proffer agreement. Although the government lawyer stood by the terms of the plea agreement, the prosecutor told me that he was not authorized to move for such a substantial assistance departure.

Second, the government has agreed that the defendant's proper criminal history falls into category I whereas the PSR finds that history is properly category III. The statement in the plea agreement that the defendant's criminal history is best represented by category I remains unexplained and therefore unconvincing. (Compare PSR ¶¶ 26-34 and addendum at second unnumbered page). In fact, and while indirectly, both lawyers tacitly admitted that this provision of the plea agreement was simply wrong.

In conclusion, after applying U.S.S.G.§ 6B1.2(c) p.s.[1] and <u>United States v. Booker</u>, 543 U.S. 220, 256 (2005),[2] I conclude that the Rule 11(c)(1)(C) plea agreement in this case calls for a sentence different than that required by proper application of the advisory Guidelines and no justifiable reasons therefore has been shown. <u>See</u>, <u>e.g.</u>, <u>United States v. Coney</u>, 390 F. Supp. 2d 844, 849-50 (D. Neb. 2005) (setting forth a methodology after <u>Booker</u> for justifying Rule 11(c)(1)(C) plea agreements that appear to conflict with the advisory Guidelines). Accordingly, the plea agreement must be rejected.

IT IS ORDERED that:

1. The Rule 11(c)(1)(C) plea agreement (filing 60 paragraph 10), setting the base offense level at 28 (between 40 and 70 grams) and requiring that the defendant's criminal history be calculated at I, is rejected.

2. The defendant is advised that the court is not required to follow the plea agreement and the defendant may withdraw his guilty plea. If the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplates.

---

[1]That section of the Guidelines sets standards for the acceptance of plea agreements.

[2]As Justice Breyer explained when deciding to save the Guidelines by making them advisory, the Court wished to avoid "plea bargaining . . . that gave greater weight, not to real conduct, but rather to the skill of counsel, the policies of the prosecutor, the caseload, and other factors that vary from place to place, defendant to defendant, and crime to crime." <u>Id.</u>

3. No later than Monday April 10, 2006, the parties shall advise the undersigned whether they wish to proceed to trial or pursue some other disposition. They shall give this information by filing a written joint status report in the court file. The time between March 10, 2006 and April 10, 2006, is excluded from computation under the Speedy Trial Act in the interests of justice and in order to allow the parties a reasonable opportunity to consider their alternatives. See 18 U.S.C. § 3161(h)(8)(A)&(B).

4. The Clerk of the Court shall provide copies of this decision to counsel of record. My chambers shall also provide copies of this decision to United States Probation Officer (USPO) Sandra Otto,[3] Supervisory USPO Mike Norton, United States Attorney Michael Heavican, Supervisory Assistant United States Attorney Mick Mickle, and Federal Public Defender David Stickman.

March 13, 2006.                    BY THE COURT:

                                   *s/ Richard G. Kopf*
                                   United States District Judge

---

[3] I compliment Ms. Otto for her independence and diligence.